NOT FOR PUBLICATION                                    (Doc. No. 1)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____
                                        :
David D. WELLS,                         :
                                        :        Civil No. 15-6048 (RBK)
                    Plaintiff,          :
                                        :        **Opinion**
                                        :
        v.                              :
                                        :
ACTING COMMISSIONER OF                  :
SOCIAL SECURITY,                        :
                                        :
                    Defendant.          :
_____ :

**KUGLER**, United States District Judge:

    This matter comes before the Court upon the appeal of David D. Wells ("Plaintiff") for

review of the final determination of the Commissioner of Social Security ("Commissioner"). The

Commissioner denied his application for Social Security Disability Insurance ("SSDI") benefits

under Title II of the Social Security Act and for Supplementary Security Income ("SSI") under

Title XVI of the Social Security Act. For the reasons set forth below, the decision of the

Commissioner is **VACATED** and the Court will remand this matter to the Administrative Law

Judge ("ALJ") for further proceedings consistent with this Opinion.

**I.    BACKGROUND**

    Plaintiff filed a claim for SSDI and SSI benefits on May 23, 2011 for the alleged physical

and mental ailments detailed below. R. at 39. Plaintiff's alleged disability began January 1, 2011.

*Id.* Plaintiff's claims were initially denied on October 31, 2011, after which he requested a

hearing before an ALJ that was held on September 10, 2013. *Id.* The ALJ denied Plaintiff's

claims on September 24, 2013. *Id.* at 46. Subsequently on August 7, 2015, Plaintiff filed the present Complaint appealing the decision denying his claims (Doc. No. 1).

### A.    Plaintiff's Alleged Impairments

For background purposes, a brief medical history of Plaintiff's ailments follows. Plaintiff allegedly suffers from disability based on reconstructive surgery on right ankle and left knee, constant pain, pinched nerve in shoulder, and numbness in right arm. *Id.* at 43. On July 4, 2007, Plaintiff was admitted to Memorial Hospital of Burlington County with a diagnosis of right tibial pilon fracture and left tibial plateau fracture. *Id.* On July 7, 2007 and July 9, 2007, Plaintiff underwent an open reduction and internal fixation of the right tibial pilon fracture and left tibial plateau fracture. *Id.* Upon completing physical/occupational therapy on February 1, 2008, he was discharged with severe limitation in both motion and ability to perform any of his daily activities. *Id.* at 6.

On May 26, 2010, Plaintiff went to Cam Care Internal Medicine for right ankle pain, and the physician noted a shuffling gait and swelling and tenderness in the R-lateral malleolus and R-medial malleolus. *Id.* The physician prescribed Ultracet. *Id.* On April 7, 2011, Plaintiff visited Nurse Practitioner ("N.P.") Fran Rosenfeld for pain and numbness in the right arm. *Id.* N.P. Rosenfeld's impression was paresthesia and cervical radiculopathy, right. *Id.* She prescribed Mobic for pain. *Id.* On October 20, 2011, Plaintiff was examined by N.P. Deborah Horowitz for right shoulder, ankle pain, previous pain of the right neck area, and continuous numbness. *Id.* at 7. Horowtiz's impression was right ankle pain, cervical radiculopathy on right side, and paresthesia. *Id.* She prescribed Mobic and Ultracet. *Id.* X-rays of the right ankle indicated previous trauma and some degenerative changes. *Id.* X-rays of the cervical spine indicated mild to moderate degenerative changes with disc space narrowing at C5-6 and C6-7 levels with

marginal lipping about C4 to C7 causing some degree of neural foraminal encroachment at C5-6 on the right. *Id.*

On September 29, 2011, Dr. Ronald Bagner examined Plaintiff on behalf of the Social Security Administration. *Id.* Dr. Bagner noted Plaintiff ambulated with a marked right limp, got on and off the examining table with moderate difficulty, and demonstrated pain on movement of the right shoulder. *Id.* There was diffuse tenderness in the left knee, 0 degrees of dorsiflexion in the right ankle, and 0-10 degrees of plantar flexsion as well as moderate swelling in the right ankle. *Id.* at 7–8. Dr. Bagner's impression was fractured right ankle, status post open reduction and internal fixation, status post open reduction and internal fixation of the proximal left lower leg, and cervical radiculopathy. *Id.* at 8. On May 16, 2012, Dr. Victoria C. Miller conducted a mental consult of Plaintiff on behalf of the Social Security Administration. *Id.* Dr. Miller observed Plaintiff could count by 3's to 18 without errors but had difficulty perceiving. *Id.* Her impression was a mood disorder due to his medical condition and a history of polysubstance dependence. *Id.* She noted Plaintiff's history of financial and occupational stressors, physical imitations, self-medication, and chronic pain, and thus assigned Plaintiff a global assessment of function of 60. *Id.*

Dr. Kenneth Klausman provided opinion testimony based on treating Plaintiff from August 30, 2010 to at least February 21, 2013. *Id.* at 8–9. In February 2013, Dr. Klausman opined that Plaintiff would be unable to work for at least six months, opined Plaintiff could not work full time but could participate in part time employment, and concluded limitations in standing, walking, and climbing. *Id.* at 9. Dr. Hill examined Plaintiff on October 20, 2011 and submitted a report that diagnosed Plaintiff with right ankle-chronic pain and paresthesia in the

right arm. *Id.* Dr. Hill noted limitations in standing, walking, climbing, stoop, and bending, and opined Plaintiff could not work full time or part time. *Id.*

## B.     The ALJ's Decision

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ used the established five-step evaluation process to determine if Plaintiff was disabled. *See* 20 C.F.R. § 404.1520. For the first four steps of the evaluation process, the claimant has the burden of establishing his disability by a preponderance of the evidence. *Ziransak v. Colvin*, 777 F.3d 607, 611–12 (3d Cir. 2014). First, the claimant must show that he was not engaged in "substantial gainful activity" for the relevant time period. *See* 20 C.F.R. § 404.1572 (defining "substantial gainful activity"). Second, the claimant must demonstrate that he has a "severe medically determinable physical and mental impairment" that lasted for a continuous period of at least 12 months. *See* 20 C.F.R. § 404.1520(a)(4)(ii) (explaining second step); 20 C.F.R. § 404.1509 (setting forth the duration requirement). Third, either the claimant shows that his condition was one of the Commissioner's listed impairments, and therefore he is disabled and entitled to benefits, or the analysis proceeds to step four. 20 C.F.R. § 404.1420(a)(4)(iii) (explaining the third step); *see also* 20 C.F.R. Pt. 404, Subpt. P., App. 1. Fourth, if the condition is not equivalent to a listed impairment, the claimant must show that he cannot perform his past work, and the ALJ must assess the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4)(iv) (explaining the fourth step); 20 C.F.R. § 404. 1520(e) (same). If the claimant meets his burden, the burden shifts to the Commissioner for the last step. *Zirnsak*, 777 F.3d at 612. At the fifth and last step, the Commissioner must establish

that other available work exists that the claimant is capable of performing based on his RFC, age, education, and work experience. *Id.*; 20 C.F.R. § 404.1520 (a)(4)(v) (explaining the fifth step). If the claimant can make "an adjustment to other work," he is not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(v).

At step one, the ALJ determined that Plaintiff did not engage in substantial gainful activity during the period of January 1, 2011 through September 24, 2013. R. at 41. At step two, the ALJ found that Plaintiff had severe impairments of right ankle fracture and mood disorder. *Id.* At step three, the ALJ noted that Plaintiff did not suffer from one of the listed impairments that would render him automatically disabled. *Id.* at 41–43. At step four, the ALJ found that Plaintiff's impairments were not equivalent to any listed impairment, and that although he could no longer perform any past relevant work, he had the RFC to perform sedentary work with some limitations.[1] *Id.* at 43–45. At step five, the ALJ found that there was a significant number of jobs in the national economy that Plaintiff was qualified to perform based on his RFC, age, education, and work experience. *Id.* at 45–46. Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant time period. *Id.* at 46.

## II.    STANDARD OF REVIEW

When reviewing the Commissioner's final decision, this Court is limited to determining whether the decision was supported by substantial evidence, after reviewing the administrative record as a whole. *Zirnsak*, 777 F.3d at 610 (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). The often-used quotation for the standard is

---

[1] The ALJ found that Plaintiff had the RFC to "perform sedentary work as defined in 20 CFR 404.1567(b) and 416.967(b) except can lift 20lbs occasionally and 10lbs frequently must avoid concentrated exposure to extreme heat and extreme cold, wetness and humidity and is limited to jobs that do not require the memorization of numbers comprised of four or more digits." R. at 43.

5

that substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *See, e.g., Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Courts may not set aside the Commissioner's decision if it is supported by substantial evidence, even if this court "would have decided the factual inquiry differently." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

When reviewing a matter of this type, this Court must be wary of treating the determination of substantial evidence as a "self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983). This Court must set aside the Commissioner's decision if it did not take into account the entire record or failed to resolve an evidentiary conflict. *See Schonewolf v. Callahan*, 927 F. Supp. 277, 284–85 (D.N.J. 1997) (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)). Evidence is not substantial if "it really constitutes not evidence but mere conclusion," or if the ALJ "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114). A district court's review of a final determination is a "qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham." *Kent*, 710 F.2d at 114.

## III.   DISCUSSION

The ALJ determined that Plaintiff was not disabled within the meaning of §§ 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Plaintiff presents four arguments on appeal of the Commissioner's final decision: first, that the ALJ failed to include as severe impairments Plaintiff's cervical radiculopathy and left knee post-traumatic arthritis; second, that the RFC determination was not supported by substantial evidence; third, that the ALJ did not properly evaluate Plaintiff's credibility; and fourth, that the Commissioner did not meet the burden to

prove that Plaintiff was able to perform work that existed in the national economy. The Court addresses each argument in turn.

### A. Severe Impairments

Plaintiff argues that the ALJ's finding in Step Two is not supported by substantial evidence because it failed to include cervical radiculopathy and left knee post-traumatic arthritis as severe impediments. Defendant counters that any error was harmless, because the ALJ nonetheless allowed Plaintiff's claim to proceed past Step Two. The Court agrees as to Step Two. *See Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 n.2 (3d Cir. 2007) ("Because the ALJ found in Salles's favor at Step Two, even if he had erroneously concluded that some of her other impairments were non-severe, any error was harmless."). However, the ALJ must nonetheless "consider all . . . medical determinable impairments . . . including [those] that are not 'severe'" when assessing the RFC. 20 C.F.R. § 404.1545(a)(2); SSR 96-8p (July 2, 1996). In this case, the ALJ's decision at several points references Plaintiff's diagnoses of cervical radiculopathy, arm and shoulder pain, and limitations in cervical range of motion. R. at 44. And while it does not mention arthritis in Plaintiff's left knee, Plaintiff can point to only a few instances in the record that discuss the left knee, and those portions found the knee to be generally normal. *See id.* at 380–81; Pl.'s Br. 7. Thus, the Court finds that the ALJ did properly consider cervical radiculopathy and left knee post-traumatic arthritis in making the RFC determination.

### B. RFC Determination

The ALJ is responsible for assigning weight to the medical opinions of record. *See* 20 C.F.R. § 404.1527. The ALJ must, however, "explain the basis for his or her conclusions." *Fargnoli*, 247 F.3d at 42. If evidence is rejected, "an explanation from the ALJ of the reason why

probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 711 (3d Cir. 1981). The explanation need not be comprehensive; "in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981).

### 1. Opinions of Treating Physicians Drs. Klausman and Hill

In general, opinions from treating sources receive more weight because they are most likely to be able to provide a "detailed, longitudinal picture of [a claimant's] medical impairment(s)" and "unique perspective to the medical evidence." 20 C.F.R. § 404.1527(c)(2). If an opinion from a treating physician is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record, the opinion is accorded controlling weight. *Id.* If not, the ALJ determines how much weight to assign the opinion based on the length of the treatment relationship, frequency of examination, nature and extent of the treatment relationship, level of evidentiary support, consistency with the record, specialization of the physician, and other factors. *See* 20 C.F.R. § 404.1527(c). The ALJ may assign more or less weight to a treating physician's opinion "depending upon the extent to which supporting explanations are provided." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (citations omitted). If the opinion is "conclusory and unsupported by the medical evidence," the ALJ may properly determine they are not controlling. *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991).

Plaintiff first argues that the ALJ improperly assigned lesser weight to the opinion of treating physician Dr. Klausman. The Court agrees. The decision states that that "[l]esser weight is assigned to Dr. Klausman's opinion because he did not indicate if [Plaintiff] had any limitations in stooping, bending, lifting, or other area [sic] and Dr. Klausman also found that

[Plaintiff] could participate part-time in a program for jobs or work." R. at 44. The decision does not discuss the opinion in further detail. Reviewing the proffered explanation, the Court finds the ALJ's assessment of Dr. Klausman's opinion to be unclear. The ALJ appears to argue that Dr. Klausman's reports are either too conclusory to warrant great weight, or consistent with the ALJ's ultimate RFC determination that Plaintiff can perform some work, or a combination thereof. Regardless, the decision does not provide the detail or clarity required for the Court to review the ALJ's reasoning. This is especially problematic in regards to a treating physician's opinion, because such opinions presumably receive more weight absent inconsistency with other evidence of record. *See* 20 C.F.R. § 404.1527(c)(2). As such, the Court finds a lack of substantial evidence to support the ALJ's evaluation of Dr. Klausman's opinion.

As to the ALJ's evaluation of Dr. Hill's opinion, the Court finds it is supported by substantial evidence. Dr. Hill found that Plaintiff was disabled from October 2011 through April 2012. R. at 44. As the decision notes, however, Plaintiff's November 2011 X-rays were unremarkable; Plaintiff had full range of motion of his back in June 2011; and Plaintiff reported that he exercises three times a week, lifts weights, and completes curls, sit-ups, and push-ups. *Id.* The ALJ pointed out that such evidence contradicts Dr. Hill's opinion, *id.*, and consistency with the record is a factor the ALJ considers in evaluating the opinion of a treating physician, 20 C.F.R. § 404.1527(c). Accordingly, the Court finds that the ALJ's evaluation of Dr. Hill's opinion is supported by substantial evidence.

### 2. *Opinion of Dr. Bagner*

The ALJ's decision accorded little weight to Dr. Bagner's consultative examination which concluded that Plaintiff suffered from fractured right ankle, status post open reduction and internal fixation, status post open reduction and internal fixation of the proximal left lower leg,

9

and cervical radiculopathy. R. at 381. The ALJ stated that he gave the opinion little weight because Dr. Bagner did not review any radiographs and did not report any swelling after September 2011 such that Plaintiff could not return to work after April 2012. *Id.* at 44–45. The ALJ further found the opinion inconsistent with Plaintiff's admission that he could perform push-ups while weighing 218 pounds. *Id.* at 45. The decision thus references specific parts of the record that contradict Dr. Bagner's opinion and support the ALJ's decision to assign the opinion little weight. Thus, the Court finds there is substantial evidence to support the ALJ's assessment of Dr. Bagner's opinion.

### 3.   *Opinions of N.P.s Rosenfeld and Horowitz*

Plaintiff asserts that the ALJ improperly failed to mention, must less assess, the opinions provided by N.P.s Bernstein and Horowitz.[2] While the ALJ is responsible for "evaluat[ing] all relevant evidence and . . . explain[ing] the basis for his or her conclusions," the ALJ need not reference every relevant treatment note where the record is voluminous. *Fargnoli*, 247 F.3d at 42. N.P. Bernstein recorded impressions of paresthesia and cervical radiculopathy; and N.P. Horowitz observed decreased strength in the right ankle and impressions were right ankle pain, cervical radiculopathy on right side, and paresthesia. R. at 355–58, 366–69, 373–84, 394–98. Such observations are probative as to whether Plaintiff could perform sedentary work, which requires a certain amount of lifting, carrying, walking, and standing.[3] 20 C.F.R. § 404.1567.

---

[2] Plaintiff's Brief references N.P. Fran Bernstein. Pl.'s Br. 20. The Court assumes that Plaintiff intended to refer to N.P. Fran Rosenfeld, because the portions cited by Plaintiff are of documents by N.P. Rosenfeld. *Id.*

[3] The Social Security Administration defines sedentary work as:

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in

Because the ALJ failed to discuss findings that were relevant to the RFC determination, the Court finds the ALJ's treatment of the records of N.P.s Rosenfeld and Horowitz to be improper.

### 4.  Opinions of State Agency Consultants

Plaintiff further argues the ALJ improperly accorded great weight to the opinions of state medical consultants. In the decision, the ALJ states the weight assigned to the state agency opinions but does not explicate why. *See* R. at 44. As Defendant argues, the ALJ can indeed assign more weight to state agency opinions in relation to treating physician's opinions. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). However, the ALJ must explain the basis for doing so. In the absence of indication why the ALJ favored certain evidence over other evidence, "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Cotter*, 642 F.2d at 705. Here, the ALJ furnishes no reasoning for why he gave the state medical consultants' opinions great weight, and the Court lacks the capacity to review the finding for substantial evidence.

### C.  Evaluation of Plaintiff's Testimony

Plaintiff asserts that the ALJ failed to properly evaluate Plaintiff's testimony regarding pain. A person's complaints should be given "great weight and may not be disregarded unless there exists contrary medical evidence." *Mason v. Shalala*, 994 F.2d 1058, 1067–68 (3d Cir. 1993) (citations and internal quotations omitted). SSR 96-7p requires that the ALJ's decision "contain specific reasons for the finding on credibility, supported by the evidence in the case record." SSR 96-7p (July 2, 1996). A conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible" does not suffice. *Id.*. In

---

carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
20 C.F.R. § 404.1567.

determining credibility, the ALJ must examine the entire case record, including objective medical evidence, the individual's statements, information provided by physicians, and other relevant evidence in the record. *Id.* Here, the decision summarizes Plaintiff's testimony and concludes, "[Plaintiff's] alleged symptoms . . . are not supported by the evidence of record." R. at 44–45. Beyond that statement, the ALJ provides no further exposition of why he did not find Plaintiff's testimony to be credible. The ALJ's explanation of his finding, then, is merely cursory and fails to lay out specific reasons as required by SSR 96-7p. Thus, the Court finds that the ALJ's evaluation of Plaintiff's credibility and testimony is not supported by substantial evidence.

### D.  Determination There Was Other Work Plaintiff Could Perform

Plaintiff argues that the ALJ improperly relied upon SSR 85-15 to determine that there were jobs in the national economy that Plaintiff could perform, because SSR 85-15 is not probative in light of Plaintiff's nonexertional impairments. The Third Circuit has given explicit directions regarding how to evaluate the impact of nonexertional limitations: "[I]f the Secretary wishes to rely on an SSR as a replacement for a vocational expert, it must be crystal-clear that the SSR is probative as to the way in which the nonexertional limitations impact the ability to work, and thus, the occupational base." *Allen v. Barnhart*, 417 F.3d 396, 407 (3d Cir. 2005). If the ALJ plans to rely on an SSR rather than make an individualized determination based on the testimony of a vocational expert, the ALJ ought to give the claimant notice of this. *Id.* at 407–08.

The ALJ found that Plaintiff has a nonexertional limitation to jobs that do not require the memorization of numbers comprised of four or more digits. R. at 43. SSR 85-15 does not address whether this limitation significantly erodes the occupational base of jobs that Plaintiff has the capacity to perform. *See* SSR 85-15 (Jan. 1, 1985). Thus, the ALJ was required to take additional vocational evidence to satisfy the agency's burden. To rely on a vocational expert ("VE"), the

ALJ must pose hypothetical questions that "accurately convey[] . . . all of a claimant's credibly established limitations as determined in the RFC." *Diaz v. Comm'r of Soc. Sec.*, 440 F. App'x 70, 72 (3d Cir. 2011) (quoting *Rutherford*, 399 F.3d at 544) (internal quotations omitted). In this matter, the ALJ did call a VE and posed a hypothetical that limited jobs to those requiring only a high school education; he did not, however, include the restriction regarding the memorization of numbers comprised of four or more digits. The ALJ's Step Five finding thus does not have proper support from either an SSR or VE evidence. As a result, the Court concludes that Step Five warrants remand.

## IV.    CONCLUSION

For the reasons discussed above, the decision of the Commissioner is **VACATED** and the Court will remand this matter to the ALJ for further proceedings consistent with this Opinion.


Dated:    11/18/2016                                         s/ Robert B. Kugler

                                                             ROBERT B. KUGLER

                                                             United States District Judge

13